# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MIGUEL ANGEL ARCOS
VELEZ,

    Petitioner,

    v.

WARDEN OF THE DESERT
VIEW FACILITY, et al.,

    Respondents.

) Case No. 5:26-cv-03070-SP
)
)
) **MEMORANDUM OPINION AND**
) **ORDER GRANTING PETITION**
)
)
)
)
)
)
)

## I.

## INTRODUCTION

On June 4, 2026, petitioner Miguel Angel Arcos Velez, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). Docket no. 1. Petitioner is being held at the U.S. Immigration and Customs Enforcement ("ICE") Desert View Annex Detention Facility ("Desert View") in Adelanto, California. Petitioner contends that his detention without a bond hearing violates the Immigration and Nationality Act ("INA"), due process under the Fifth Amendment, and Administrative Procedure Act ("APA"). Petitioner seeks immediate release from immigration custody or, in the alternative, a bond hearing.

1

On June 11, 2026, respondents filed a Response, stating they are not presenting an opposition argument to providing petitioner with an individualized bond hearing. Docket no. 9. Petitioner filed a Reply on June 19, 2026. Docket no. 10.

For the reasons discussed below, the court grants the Petition and issues a writ of habeas corpus enjoining respondents from continuing to detain petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of this order.

## II.

## BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States without inspection in or around 2021. Pet. ¶ 15.[1]

ICE officers arrested petitioner on or about January 14, 2026, and he has been detained at Desert View since then. *Id*. ¶¶ 2, 15. On February 13, 2026, an immigration judge issued an order of removal. *See* https://acis.eoir.justice.gov/en/. Petitioner's appeal of the removal order is currently pending. *See id*.

On May 19, 2026, an immigration judge denied petitioner a bond hearing on the ground that the immigration court lacked jurisdiction under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Pet. ¶ 16, Ex. A.

## III.

## DISCUSSION

Petitioner contends he is a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Pet. ¶ 2.

---

[1] The Petition is signed only by petitioner's counsel and is not verified by petitioner. The court presumes that the facts in the Petition are accurate: (1) for the purposes of Part II of this opinion if not disputed by respondents; (2) if supported by documents submitted by petitioner as part of the Petition; or (3) if the information could have been within counsel's personal knowledge.

2

In *Maldonado Bautista*, the court declared that "Bond Eligible class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and "are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista*, 2025 WL 3678485, at *1. The Bond Eligible Class certified in *Bautista* is defined to include: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista*, 813 F. Supp. 3d at 1127. The *Maldonado Bautista* court also later vacated the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*,[2] finding it contrary to current law under the Administrative Procedure Act. *See Bautista v. Santacruz*, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026), appeal filed, *sub nom. Bautista v. U.S. DHS*, No. 26-1044 (9th Cir. Feb. 23, 2026).

The declaratory relief issued by the *Maldonado Bautista* court has "the force and effect of a final judgment or decree" and respondents are legally obligated to comply with the court's order. 28 U.S.C. § 2201; *see also Herrera v. Lyons*, 2026 WL 859172, at *3 (C.D. Cal. Mar. 16, 2026) (citations omitted). Although the final judgment in *Maldonado Bautista* has been partially stayed pending appeal, the stay applies only "insofar as [it] extends beyond the Central District of California." *See Bautista*, No. 26-1044, docket no. 5 at 1 (9th Cir. Mar. 6, 2026). Therefore, the declaratory judgment remains in effect in this district.

---

[2] *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holds that "mandatory detention under 8 U.S.C. § 1225(b) applies to those who enter the country without inspection even if apprehended within the United States and not at the border." *Kun v. Janecka*, 2026 WL 931541, at *5 n.4 (C.D. Cal. Apr. 3, 2026).

Respondents do not oppose petitioner receiving an individualized bond hearing and thus appear to concede that petitioner is a member of the Bond Eligible Class subject to the *Maldonado Baustista* judgment.  Petitioner entered without inspection, does not appear to have been apprehended upon arrival, and is not subject to detention under § 1226(c), § 1225(b)(1), or § 1331.  Petitioner is therefore entitled to an individualized bond hearing under § 1226(a), and the court grants the Petition consistent with the declaratory judgment in *Maldonado Bautista*.

## IV.

## **ORDER**

IT IS THEREFORE ORDERED that: (1) Judgment be entered granting the Petition; (2) respondents shall provide petitioner Miguel Angel Arcos Velez (A # 221-462-320) with an individualized bond hearing before a neutral decisionmaker pursuant to 8 U.S.C. § 1226(a) within seven days of this order, or shall release petitioner if no bond hearing is held within seven days; and (3) respondents shall file a status report no later than July 10, 2026 confirming that petitioner has received a bond hearing or has been released from respondents' custody.

Dated: June 30, 2026

_____
SHERI PYM
United States Magistrate Judge

4